# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Mark Boyles, Individually and as Personal Representative of the Estate of Debra Boyles, <br><br>      Plaintiff, <br>  v. <br><br> New York Life Insurance Company, <br><br>      Defendant. | Case No. 9:23-cv-3108-RMG <br><br> **ORDER AND OPINION** |

  This matter is before the Court on Defendant's motion for summary judgment. (Dkt. No. 22). Defendant responded in opposition (Dkt. No. 23), and Plaintiff replied (Dkt. No. 24). For the reasons set forth below, the Court grants Defendant's motion.

  **I.**  **Background**

  This coverage dispute centers on Plaintiff's allegation that Defendant breached its contract with Plaintiff in bad faith by failing to pay an annual policy dividend to Mrs. Boyles, the insurance policyholder, upon determination that she was not in "good standing" given her failure to pay excess loan interest. Defendant issued a life insurance policy to Mrs. Boyles on August 1, 2006, pursuant to which Mrs. Boyles was "eligible to share in [New York Life Insurance Company's] divisible surplus" while her policy was "in-force." (Dkt. No. 22 at 5) (quoting Dkt. No. 22-1, § 5.1). The policy further noted that this dividend would be determined annually and made payable "on the policy anniversary, if all premiums due before then have paid," but qualified that "[d]ividends are not guaranteed." (*Id.*). Mrs. Boyles elected to receive her dividend through "paid-up additions," one of four dividend options under the Policy. (Dkt. No. 22 at 5). This option allowed Mrs. Boyles to purchase additional life insurance with her dividends, with the effect of increasing the total cash value of her policy. (Dkt. No. 24 at 11).

1

The policy allowed policyholders to take out loans against the policy, but imposed restrictions if a borrower's outstanding loan balance exceeded the loan's value in any given year. Under this scenario, Defendant required payment of the excess of the outstanding loan and accrued interest over the cash value of the loan and any dividend value within 31 days of its mailing a notice of such excess loan condition to the policyholder. (Dkt. No. 22 at 6). If the policyholder failed to make the minimum required payment in this period, the policy would terminate. (*Id.*).

Mrs. Boyles began taking out loans against the policy in 2011, and in the 2019 Policy Year the cash value of her loans and accrued interest exceeded the Policy's value. (*Id.*). Defendant mailed a notice to Mrs. Boyles on July 16, 2020 warning that her policy would lapse in 31 days unless she made a minimum payment of $692.62 in accordance with the Policy's Excess Loan Condition. (*Id.* at 7). Mrs. Boyles did not make this minimum required payment, and Defendant notified her of her Policy's lapse via letter dated September 3, 2020. (*Id.*). Plaintiff argues that Mrs. Boyles was entitled to a dividend on the policy anniversary on August 1, 2020, and such dividend would have cured the excess loan condition. (Dkt. No. 23 at 5). Plaintiff alleges that Defendant's failure to pay this dividend was in breach of contract and bad faith. (*See* Dkt. No. 19). Defendant moves for summary judgment on Plaintiff's claims. (Dkt. No. 22).

**II.    Legal Standard**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that

there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the non-moving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)). Moreover, the non-movant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

### III.    Discussion

Plaintiff has failed to raise specific, material facts giving rise to a genuine dispute, and instead relies on conclusory allegations and hypothetical conjecture in support of his claims. Plaintiff first attempts to rebut Defendant's motion by claiming "the excess loan condition would have cured itself on August 1, 2020 (the anniversary date of Debra's Policy) but for NYL's failure to pay dividends on the Policy." (Dkt. No. 23 at 1).  Plaintiff explains that this unpaid dividend of approximately $3,000 "would have more than exceeded the $692.62 excess loan condition that existed at the time." (*Id.* at 7).  Plaintiff concludes, without evidence, that Defendant made this

3

decision "in bad faith, in violation of the plain language of the Policy and in order to pave the way for NYL to subsequently lapse the Policy." (*Id.* at 4). Plaintiff further contends, because the Policy does not define "good standing," Defendant could not have declined to pay Mrs. Boyles a dividend on that basis. (*Id.* at 5). In Plaintiff's view, there is no "language in the policy giving [Defendant] the right to withhold the dividend." (*Id.* at 9).

There are a series of flaws with Plaintiff's argument. Contrary to Plaintiff's suggestions, the plain language of the Policy clearly permits New York Life Insurance the right to withhold a dividend. (*See* Dkt. No. 22-1, § 5.1). Defendant explains, via the 30(b)(6) testimony of its corporate representative, Mike Wilson, that dividend decisions are made annually on an individual basis after determining whether the policyholder is in good standing. (Dkt. No. 24 at 7; Dkt. No. 22-7, 16:18-17:9; 31:7-32:10). Mr. Wilson also testified that it was the company's practice not to pay dividends to a policy subject to an excess loan condition, which informed the decision not to pay a dividend to Mrs. Boyles. (*Id.*, 32:14-33:2). Plaintiff fails to rebut the plain language of the Policy or Mr. Wilson's sworn testimony evidencing that dividends are not guaranteed under the policy, and that the decision to issue dividends is made on an individual policy basis that considers the standing of the policyholder.

The Court is similarly unconvinced by Plaintiffs argument that a determination of whether a policyholder is in "good standing" cannot validly support Defendant's decision to withhold the dividend. In support of this argument, Plaintiff cites language on Defendant's website representing that "New York Life has paid [policies] every year since 1854" as well as the fact that Defendant had paid dividends on Mrs. Boyles' policy "every year since its inception." (Dkt. No. 23 at 4, 9). While Plaintiff is correct that the Policy does not condition dividend eligibility on a policyholder being in good standing, (*see* Dkt. No. 22-7, 40:3-19), the Court declines to read this implied term

out of the contract given the plain language of the Policy, which affords New York Life Insurance discretion in issuing or withholding a dividend. "Where an implied term is necessary to effectuate the intention of the parties, the law will supply it. . . . by looking to the external facts and circumstances surrounding the bargain, or by proving a general custom and usage of including certain terms as part of similar contracts." *Time Warner Cable v. Condo Servs., Inc.*, 672 S.E.2d 816, 820–21 (S.C. Ct. App. 2009) (internal quotations omitted). Defendant has offered evidence of the term's customary usage through Mr. Wilson's testimony that "[i]in the context of life insurance, 'good standing' often refers to policies that are satisfying or fulfilling their obligations." (Dkt. No. 24 at 7). Defendant further explained that it is the company's practice that a policy subject to an excess loan condition is not in good standing and ineligible to receive dividends. (*Id.* (quoting Dkt. No. 22-7 at 17:3-9)).

Plaintiff does not rebut the reasonableness of Defendant's interpretation, but cites the fact that the term is not defined in the Policy as further evidence of Defendant's alleged bad faith breach. (Dkt. No. 23 at 5). "Where a term is not defined in a policy, it is to be 'defined according to the usual understanding of the term's significance to the ordinary person.'" *Ex parte United Servs. Auto. Ass'n*, 614 S.E.2d 652, 654 (S.C. Ct. App. 2005) (internal quotations omitted). The Court considers that the "usual understanding of the term's significance" comports with Defendant's explanation, such that it could reasonably be implied from the contract's non-mandatory dividend provision that the Defendant may withhold such dividends when a policyholder is not in "good standing."

Plaintiff's claim that Mrs. Boyles would be entitled to approximately $3,000.00 *had* the dividend been paid in August 2020, resulting in her purchase of "Paid up Additional Life Insurance" which would increase the cash value of her policy such that it exceeded the outstanding

5

loan value, is utter conjecture on which Plaintiff may not rely. *See Brunson ex rel. Brunson v. Canal Ins. Co.*, 602 F. Supp. 2d 711, 713 (D.S.C. 2007). Mrs. Boyles was not entitled to receive any dividend under the Policy. There is no language in the policy supporting Plaintiff's argument that a "grace period" exists for policyholders subject to the excess loan condition which would entitle Mrs. Boyles to receive a dividend. (*See* Dkt. No. 23 at 8; Dkt. No. 24 at 12). Even assuming Mrs. Boyles had received a dividend, under the terms of the Policy any dividend payment would have been used to purchase additional life insurance – not to satisfy the $692.62 minimum payment Mrs. Boyles was obligated, but failed to make, by August 16, 2020. (Dkt. No. 22 at 5, 7). It is undisputed that Mrs. Boyles failed to abide by the Policy's excess loan condition to prevent the Policy from lapsing, which states:

> **When Outstanding Loan Exceeds Loan Value**. In a given policy year, based on the loan interest rate in effect when that year began . . . , the outstanding loan and accrued loan interest might exceed the sum of the cash value and any dividend values. In that event, we will mail a notice to you at your last known address, and a copy to the last known assignee on our records. ***All insurance will end 31 days after the date on which we mail that notice, if the excess of the outstanding loan and accrued loan interest over the sum of the cash value and any dividend values is not paid within that 31 days***.

(Dkt. No. 22-1, § 4.7) (emphasis added).

Upon review of the record and plain language of the Policy, this Court finds that no genuine dispute of material fact remains in this action. Defendant has set forth unrebutted evidence that it acted in accordance with the Policy terms and company practice in withholding a dividend to Mrs. Boyles while her policy was subject to lapse given the excess loan interest it carried. It is undisputed that Mrs. Boyles did not make the minimum payment required by the Policy to prevent it from lapsing, and Plaintiff's speculation about the hypothetical impact of this dividend being paid cannot sustain its claims that Defendant breached the insurance contract in bad faith.

## IV.    Conclusion

In light of the foregoing, Defendant's motion for summary judgment (Dkt. No. 22) is **GRANTED**.

**AND IT IS SO ORDERED.**

                                            s/Richard M. Gergel
                                            Richard Mark Gergel
                                            United States District Judge

May 28, 2024
Charleston, South Carolina